**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven T. Waltner; and Sarah Van Hoey, <br><br> Plaintiffs, <br><br> vs. <br><br> United States, <br><br> Defendant. | No. CV-19-04679-PHX-DGC <br><br> **ORDER** |

Pro se Plaintiffs Steven Waltner and Sara Van Hoey, who formerly were married, have sued the United States seeking tax refunds from the 2013 through 2017 tax years. Plaintiffs assert nine claims in their complaint. Doc. 1. The government moves to dismiss most of the claims for lack of subject matter jurisdiction and moves for summary judgment on several claims. Doc. 19. The government also requests that the case be stayed pending a ruling on its motion. Doc. 20. Plaintiff Sarah Van Hoey has filed a Rule 56(d) declaration requesting an opportunity to conduct discovery before responding to the motion. Doc. 32. The government opposes the request. Doc. 38. For reasons stated below, the Court will deny Van Hoey's Rule 56(d) request and grant in part the government's motion to stay.

**I.  Background.**

Plaintiffs assert the following claims in their complaint: refund claims regarding their 2013, 2014 and 2015 joint tax returns (Counts 1-3); refund claims regarding Van

1

Hoey's 2016 return (Count 4) and Plaintiffs' 2017 returns (Counts 5-6); a damages claim under 26 U.S.C. § 7433 (Count 7); and injunctive and mandamus relief claims (Counts 8-9). Doc. 1 ¶¶ 29-135; *see* Doc. 22 at 2.[1] The government moves to dismiss Count 1 and Counts 3 through 9 for lack of subject matter jurisdiction. Doc. 19-1 at 2. The government alternatively moves for summary judgment on Counts 1 through 6 based on collateral estoppel. *Id.*

Van Hoey seeks to conduct discovery before fully responding to the government's motion, and has filed a declaration pursuant to Rule 56(d). Doc. 32. The government argues that Van Hoey's request for discovery should be denied because she does not identify the specific facts she believes discovery would reveal, nor does she explain how any such facts are essential to responding to the government's motion. Doc. 38 at 4.

**II. Rule 56(d) Standard.**

"Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Fed. R. Civ. P. 56(d)). A district court has discretion to grant relief under Rule 56(d) and may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *see Michelman*, 685 F.3d at 892, 899; *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1076 (9th Cir. 2019). The party seeking Rule 56(d) relief "bears the burden of showing that '(1) [she] has set forth in [declaration] form the specific facts [she] hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Martin v. James River Ins.*, 366 F. Supp. 3d 1186, 1189 (D. Nev. 2019) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)); *see*

---

[1] Plaintiffs asserted similar claims in an earlier action, which the Court dismissed without prejudice. *See Waltner v. United States*, No. CV-18-1163-PHX-DGC (Jan. 11, 2019) (Doc. 41).

*Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996) ("The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment."); *Garrett v. City & Cty. of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987) (the party seeking to conduct discovery "must make clear what information is sought and how it would preclude summary judgment"). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Family Home*, 525 F.3d at 827 (citations omitted).

**III.   Van Hoey's Rule 56(d) Declaration.**

Van Hoey has prepared a thorough draft response to the government's motion, but claims there are several areas where she lacks information needed to complete the response. Doc. 32 ¶ 13. The Court will address each area she identifies.

    **A.   Count 4 – Van Hoey's 2016 Refund Claim.**

In Count 4, Van Hoey alleges that she is entitled to a refund of amounts applied from the 2016 tax year to a penalty that was assessed for the 2007 tax year. Doc. 1 ¶¶ 75-82. The government provides Internal Revenue Service ("IRS") records indicating that the 2016 overpayments of $3,107.93 and $92.63 were applied to frivolous return penalties assessed for 2007. *See* Doc. 19-1 at 11. The government argues that the Court lacks subject matter jurisdiction to refund the overpayments alleged in Count 4 because Van Hoey still owes a balance of $11,299.44 on the penalties assessed for 2007. *Id.* (citing *Diamond v. United States*, 603 F. App'x 947, 949 (Fed. Cir. 2015)). The government alternatively argues that it is entitled to summary judgment on Count 4 because the Tax Court fully adjudicated the 2007 penalty assessments. *Id.* at 5-7, 11.

Van Hoey claims that the government does not identify the three penalties to which the 2016 overpayments were applied. Doc. 32 ¶ 5. But the government makes clear that the overpayments were applied to the "three $5,000.00 Section 6702 penalties assessed for 2007." Doc. 19-1 at 11. The government's supporting declaration explains that "on January 8, 2018, the IRS reassessed the three Section 6702 penalties against Ms. Van Hoey in the aggregate amount of $15,000.00[,]" that each of the "three referenced

3

reassessed Section 6702 penalties was in the amount of $5,000.00[,]" and that the "overpayments of $3,107.93 and $92.63 were applied from Ms. Van Hoey's 2016 tax year to the reassessed Section 6702 penalties and . . . there is still a balance owed of $11,299.44" Doc. 19-6 ¶ 9 (citing Ex. D).

Van Hoey has not shown that discovery regarding the Section 6702 penalties assessed for 2007 is essential to oppose the government's motion on Count 4. *See Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) ("The facts sought must be 'essential' to the party's opposition to summary judgment, and it must be 'likely' that those facts will be discovered during further discovery[.]") (citations omitted); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) ("A party seeking to delay summary judgment for further discovery must state what other specific evidence it hopes to discover and the relevance of that evidence to its claims.") (citation omitted).

Van Hoey asserts that the IRS Form 4340 the government relies on for 2007 "is a mess[.]" Doc. 32 ¶ 5.[2] She further claims that in order to "get a complete picture of what happened on the 2007 account," she "will need to see the ICS History Transcript from March 1, 2017[.]" *Id.* ¶ 5(a). But Van Hoey fails to specify the facts she hopes to discover and explain why any such facts would preclude summary judgment.

**B.     Count 6 – Van Hoey's 2017 Refund Claim.**

In Count 6, Van Hoey alleges that she is entitled to a refund of the $1,183.57 overpayment for 2017 which the IRS applied to a penalty assessed for the 2004 tax year. Doc. 1 ¶¶ 95-104. She claims that "[i]t is unclear from the Form 4340 what penalty [the] 2017 overpayment was applied to . . . and [she] would need to discover further facts before deciding whether it is best to withdraw or concede Count 6, or whether [she] could respond more fully in opposition to the [government's motion] on this count." Doc. 32 ¶ 10. Van Hoey further claims that she "should be allowed to discover whether it is the

---

[2] A Form 4340 is a "Certificate of Assessments, Payments, and Other Specified Matters." The Forms 4340 in this case are attached to the government's "Certificates of Official Record." *See id.* ¶ 6; Docs. 19-7 through 19-13.

4

usual practice of the IRS to record court sanctions assessed in one year to the tax account of another year 12 years prior." *Id.* ¶ 12.

The government provides IRS records indicating that that the 2017 "overpayment of $1,184.00 was applied to the $5,000.00 Section 6702 penalty assessed for Ms. Van Hoey's 2004 year and the $15,000.00 Tax Court sanction assessed against her in that year." Doc. 19-1 at 12 (citing Doc. 19-6 ¶ 10, Ex. E). The government argues that any discovery on the issues Van Hoey raises regarding Count 6 would be irrelevant because there is no reference to the 2017 overpayment in the Plaintiffs' March 23, 2018 claim for refund and the Court therefore lacks jurisdiction over the 2017 overpayment. Doc. 38 at 8 (citing Doc. 19-1 at 12-13). Van Hoey fails to address the requested discovery in the context of the government's motion to dismiss, and has not otherwise shown that the discovery is essential to oppose the motion.

### C. Alleged Discrepancies in Forms 4340.

Van Hoey claims that she has "observed some very troubling discrepancies, changes, re-wording, deletions, additions, and inconsistencies in . . . Forms 4340 for tax years 2004, 2005, and 2007," but she does not describe the purported discrepancies. Doc. 32 ¶ 6. She seeks to determine "what changes were made, when, and by whom[,]" but does not explain why the information sought is necessary to respond to the government's motion. *Id.* The information Van Hoey seeks is "'the object of mere speculation,' which is insufficient to satisfy [Rule 56(d)]." *Stein*, 906 F.3d at 833 (quoting *Ohno v. Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013)); *see Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998) (finding a continuance for discovery unwarranted where the plaintiff's affidavit was "based on nothing more than wild speculation").

Van Hoey further asserts that the Forms 4340 "can be changed, at will, or on instruction, by IRS employees[.]" Doc. 32 ¶ 7. This Circuit has held that such forms "are highly probative, and are sufficient, in the absence of contrary evidence, to establish that . . . notices and assessments were properly made." *United States v. Zolla*, 724 F.2d

5

808, 810 (9th Cir. 1984); *see Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) ("Official certificates, such as Form 4340, can constitute proof of the fact that the assessments actually were made.") (citing *Zolla*). Van Hoey's conclusory assertion that the Forms 4340 are "untrustworthy and self-serving" is not sufficient to meet her burden under Rule 56(d). *See Stein*, 906 F.3d at 833 (the plaintiff's "conclusory assertions is not enough" because he fails "to point out how particular evidence not yet discovered was 'essential' to his argument that issue preclusion was inapplicable or unfair"); *Whitted v. Jordan*, No. C18-0642-JCC, 2019 WL 2475905, at *4 (W.D. Wash. June 13, 2019) (denying a Rule 56(d) request where the plaintiff "offer[ed] only generalized statements about why he needs additional discovery").

### D. Discovery Concerning Ms. Hope.

Van Hoey seeks to depose "Ms. Hope," an employee in the IRS's Fraud Return Program ("FRP") who allegedly had a conversation with Van Hoey in 2017. Doc. 32 ¶ 8. Van Hoey asserts that Ms. Hope is the only person she knows who has knowledge of what transpired when the FRP was instructed by counsel to reverse the 2017 penalty reductions. *Id.* Van Hoey claims that in order to "respond fully to any of the factual assertions concerning whether the IRS or the FRP acted without authority to reduce the penalties," she will need "to question Ms. Hope, and possibly others who worked in the FRP at that time." *Id.*

Van Hoey does not specify the facts she expects to elicit from Ms. Hope or explain why Ms. Hope's testimony is essential to oppose summary judgment. Nor does Van Hoey explain the relevance of Ms. Hope's "employment history," which Van Hoey seeks to obtain through document requests. *Id.* ¶ 8(b). Van Hoey has not met her burden under Rule 56(d) for obtaining discovery concerning Ms. Hope. *See W. All. Bank v. Jefferson*, No. 2:14-CV-00761 JWS, 2015 WL 7075171, at *15 (D. Ariz. Nov. 13, 2015) (denying Rule 56(d) request where the proponent "fail[ed] to offer any explanation of how facts regarding . . . transfers from Jefferson's accounts [were] essential, or even relevant, to Jefferson's opposition to Alliance's summary judgment motion").

### E. The Reference to the Department of Justice.

Van Hoey seeks documents regarding the IRS's "reference" of the Ninth Circuit litigation to the Department of Justice in order to "respond fully to any of the factual assertions concerning whether the IRS or FRP acted without authority to reduce the penalties[.]" *Id.* ¶ 8. Van Hoey claims that because the government's argument "centers on a *reference* to the Department of Justice, [she] would need documentation confirming that there *was* such a reference and whether 'the Attorney General or his delegate' (§ 7122(a)) was consulted before . . . the penalty reduction." *Id.* (emphasis in original).

The government notes, correctly, that the referral to the Department of Justice was automatic under 28 C.F.R. § 0.70, which provides that the Assistant Attorney General of the Tax Division "shall" handle "[a]ppellate proceedings in connection with civil and criminal cases[,] . . . including petitions to review decisions of the Tax Court of the United States." Doc. 38 at 6-7 (quoting 28 C.F.R. § 0.70(d)); *see Huff v. United States*, 10 F.3d 1440, 1444 (9th Cir. 1993) (citing § 0.70 and explaining that "the Department of Justice, under the direction of the Attorney General, has promulgated regulations authorizing the tax division to represent the United States in various tax matters"); *Fristoe v. Anata Mgmt., LLC*, No. 2:15-cv-2460-KJM GGH PS, 2016 WL 3916330, at *9 (E.D. Cal. July 20, 2016) (denying as frivolous the plaintiff's motion to preclude the Department of Justice from representing the IRS in a tax refund suit). Van Hoey has not shown that discovery regarding the reference to the Department of Justice is warranted.

### F. The 2013 Overpayment and 2016 Assessment.

Van Hoey seeks various discovery as to "whether the 2013 overpayment was applied in collection of a penalty against Plaintiff Waltner that had been assessed and collected prior to May 12, 2017[,]" or "whether . . . any portion of that overpayment was applied to the August 22, 2016 court sanction." Doc. 32 ¶ 9. Van Hoey also asserts that she "do[es] not have sufficient information concerning how that 2016 assessment ended up on [her] tax account for 2004[.]" *Id.* Van Hoey claims that she "will need to obtain information concerning exactly what dates and to which penalties the overpayments were

7

credited, and, besides an up-to-date ICS History Transcript, [she] will need to see the correspondence from the FRP to Mr. Lloyd in response to the emails that he sent to [Plaintiffs]." *Id.* ¶ 9(a).

But Van Hoey does not address the requested discovery in the context of the government's motion to dismiss and for summary judgment. Moreover, Plaintiffs themselves allege in their complaint that the 2013 overpayment was applied to a penalty the IRS had assessed for the 2004 tax year. Doc. 1 ¶¶ 34-36.

### G. TXMODA Codes.

Van Hoey objects to the "TXMODA" attached to the government's motion. Doc. 32 at 8; *see* Docs. 19-3 ¶ 21, 19-5.[3] Van Hoey asserts that it is important to test the TXMODA's trustworthiness by comparing it to earlier versions that "might show those codes as they were input, if truly they were input contemporaneously by someone with knowledge." Doc. 32 at 9. Van Hoey suspects that the TXMODA is "a string of numbers input at one time (like February 28, 2010) and that they do *not* represent sequential, contemporaneous inputs." *Id.* (emphasis in original). But it is well established that mere suspicion cannot support a Rule 56(d) request. *See Margolis*, 140 F.3d at 854; *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (denial of such a request "is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation").

### H. Conclusion.

The Court will deny Van Hoey's Rule 56(d) request because she has "failed to show the existence of . . . essential and discoverable evidence." *Terrell*, 935 F.2d at 1018; *see Martin*, 366 F. Supp. 3d at 1189 (denying Rule 56(d) request because the plaintiff "has not identified the specific facts he hopes to elicit from further discovery or

---

[3] A "TXMOD" is a transcript containing various codes that is part of the IRS's Integrated Data Retrieval System. A TXMOD with the A definer (TXMODA) contains detailed and current account information, including notice statuses, history items, control bases, and pending transactions. *See* IRS, https://www.irs.gov/irm/part8/irm_08-020-002 (last visited Feb. 7, 2020).

that the facts sought exist"); *Smith v. Aircraft Specialties Servs., Inc.*, No. C18-0412-JCC, 2019 WL 1128520, at *6 (W.D. Wash. Mar. 12, 2019) ("Plaintiffs have failed to carry their burden of establishing that a continuance under Rule 56(d) is necessary for them to oppose Defendant's motion for summary judgment, as they have not identified specific facts they hope to elicit from additional discovery, that such facts exist, or how such facts are essential to opposing Defendant's motion[.]").

### IV. The Government's Motion to Stay and for Relief from MIDP Disclosures.

The Court previously concluded that if it were to deny a Rule 56(d) request, no discovery should occur before the Court rules on the government's motion to dismiss and for summary judgment. Doc. 24 at 1. The Court stands by this ruling, and will grant the government's motion to stay to the extent it seeks to defer the deadline for MIDP disclosures until 30 days after the court rules on its motion to dismiss and for summary judgment. Doc. 20.

**IT IS ORDERED:**

1. Plaintiff Sarah Van Hoey's Rule 56(d) request (Doc. 32) is **denied**.
2. Plaintiffs shall file a response to the government's motion to dismiss and for summary judgment (Doc. 19) by **March 9, 2020**.
3. The government's motion to stay (Doc. 20) is **granted in part** as set forth above.

Dated this 10th day of February, 2020.

David G. Campbell
Senior United States District Judge