1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Steven T. Waltner; and Sarah Van Hoey,        No. CV-19-04679-PHX-DGC

10                        Plaintiffs,              **ORDER**

11   vs.

12   United States,

13                        Defendant.

14

15

16         On June 4, 2020, the Court granted Defendant's motion to dismiss and motion for

17   summary judgment.  Docs. 55, 56.  Plaintiffs have filed a motion for reconsideration.

18   Doc. 57.  For reasons stated below, the Court will deny the motion.[1]

19   **I.      Reconsideration Standard.**

20         Motions for reconsideration are disfavored and should be granted only in rare

21   circumstances.  *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522,

22   at *1 (D. Ariz. Oct. 15, 2009).  A motion for reconsideration will be denied "absent a

23   showing of manifest error or a showing of new facts or legal authority that could not have

24   been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g)(1); *see also*

25   *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).  Mere

26   _____

27         [1] Plaintiffs' request for oral  argument is denied because the issues have been fully
     briefed and oral argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b);
28   *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1    disagreement with an order is an insufficient basis for reconsideration.  *See Ross v. Arpaio*,

2    No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008).  Nor should

3    reconsideration be used to ask the Court to rethink its analysis.  *Id.*; *see N.W. Acceptance*

4    *Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

5    **II.   Discussion.**

6           Plaintiffs argue that the Court misapprehended 12 issues in granting Defendant's

7    motions.  Doc. 57.  Plaintiffs primarily disagree with the Court's reasoning and urge the

8    Court to rethink its analysis.  This is not a valid basis for reconsideration.  *See N.W.*

9    *Acceptance Corp.*, 841 F.2d at 925-26.  The Court will address each argument briefly.

10          Plaintiffs argue that the Court got the informal claims wrong, disregarded their filed

11   tax returns as formal claims, and wrongly concluded that the law required the filing of

12   additional claims.  Doc. 57 at 2.  In reaching its conclusion, Plaintiffs contend that the

13   Court misinterpreted *Sorenson v. Sec'y of Treasury of U.S.*, 752 F.2d 1433 (9th Cir. 1985).

14   But the Court considered – and rejected – Plaintiffs' contention that an amended tax return

15   alone is sufficient to constitute a claim for refund.  *Sorenson* held that an amended return

16   (Form 1040X) together with a letter to the IRS satisfied § 7422's claim requirement; it did

17   not indicate whether the form alone constituted a formal claim.  *Id.* at 1439.  Regardless,

18   even if the Court has jurisdiction over Counts 5 and 6, the Court ultimately granted

19   summary judgment on these counts based on collateral estoppel.  *See* Doc. 55 at 20.

20          Plaintiffs contend that the Court committed manifest error in declaring "§ 7122 as

21   governing and permitting the 2018 assessments without considering Plaintiffs' surreply to

22   [the] IRS's new theories[.]"  Doc. 57 at 2.  But the Court reviewed Plaintiffs' surreply and

23   concluded that Plaintiffs sought only to "elaborate on arguments already made in [their]

24   responses and merely seek to clarify Defendant's interpretation of cases and arguments

25   made in reply."  Doc. 55 at 33.  This is not a valid basis to grant a surreply, and Plaintiffs

26   present no argument that the Court abused its discretion in denying their motion.  *See Sims*

27   *v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHXMHM, 2010 WL 5364783, at *8

28   (D. Ariz. Dec. 21, 2010) (quoting *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 690 n.4

(S.D. Tex. 2006)) (surreplies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter").

Nor does the Court agree with Plaintiffs' argument that it committed manifest error in finding that the penalties for 2003, 2005, and 2007 were correctly re-imposed.  Doc. 57 at 3; *see* Doc. 55 at 25.  As the Court thoroughly explained in its order:

> The IRS had no authority to compromise the penalties after they had been referred to the DOJ for litigation.  *See* 26 U.S.C. § 7122(a) ("The Secretary may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense."); *see also Jackson*, 511 F. App'x at 203 (because the IRS "lost its authority to compromise" the taxpayers' liability when it transferred the case to the DOJ, its subsequent abatement of that liability, without authorization from the DOJ, was void) (citing IRS Chief Counsel Notice CC-2011-020, 2011 WL 4402105 (Sept. 15, 2011) ("Abatement of tax for a tax period referred to [the DOJ] that is made without the approval of [the DOJ] is invalid and may be reversed, because the Service lacks the authority to take such action on the taxpayer's account without Justice approval.")).  The incorrectly-abated penalties were re-imposed on January 8, 2018

Doc. 55 at 25.  Plaintiffs urge the Court to "reconsider the Order with IRC 6502(a)(1) in mind."  Doc. 57 at 3.  But Plaintiffs otherwise fail to present new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence.  LRCiv 7.2(g)(1); *see also United Nat'l Ins. Co.*, 555 F.3d at 780.  Plaintiffs disagreement with the Court's analysis is an issue for appeal.

Plaintiffs also disagree with the Court's analysis in their fifth (Doc. 57 at 4), seventh (*Id.* at 5), and eighth (*Id.*) arguments.  But aside from baldly alleging manifest error, Plaintiffs fail to explain how the Court erred and present no new facts or legal authority.  LRCiv 7.2(g)(1); *see also United Nat'l Ins. Co.*, 555 F.3d at 780.

Plaintiffs further contend that it "was manifest error for the Court to hold Plaintiffs to a different standard of proof than the IRS, particularly when granting summary judgment

3

to Defendant without permitting any discovery." Doc. 57 at 4.  But the Court reviewed the record in the light most favorable to Plaintiffs and found no genuine dispute of material fact as to whether Plaintiffs' claims were precluded by collateral estoppel.  *See* Doc. 55 at 13 n.4.  Plaintiffs' contention that the Court somehow gave more weight to Defendant's evidence is incorrect.

Plaintiffs argue that the Court erred in not requiring Defendant to submit the entire record of the prior case.  Doc. 57 at 5-8.  But Defendant did submit – and the Court considered – enough of the record to allow it to "ascertain the controlling facts and pinpoint the exact issues litigated in the prior action."  *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979).  The Court then applied the elements of collateral estoppel and found a number of Plaintiffs claims barred.  *See* Doc. 55 at 12-33.  Nothing more was required.

Plaintiffs contend that the Court "manifestly erred in failing to consider the arbitrary and crippling act of doubling a $15,000 fine without authority to be an excessive fine under the Eight Amendment."  Doc. 57 at 10.  Not correct.  The Court found that the $15,000 penalty was properly imposed on Plaintiffs, that they did not "elaborate on precisely how [the] sanction violates their First, Fifth, and Eight Amendment rights," and that Defendant's doubling of the penalty was improper but did not affect Plaintiffs' claims in this case because the doubled penalty was not used to absorb any of the refunds Plaintiffs seek to recover.  Doc. 55 at 28-29.  The Court did specifically observe that "the double-counting error clearly should be corrected by the IRS," but the fact remains that "it has no effect on Plaintiffs' claims" in this case.  *Id.* at 29 n.16.

Plaintiffs' final argument is that it was manifest error to place on Plaintiffs the burden of proving that no notice of deficiency was mailed.  Doc. 57 at 10.  But in *United States v. Zolla*, 724 F.2d 808 (9th Cir. 1984), the Ninth Circuit held that Form 3877 certificates "are highly probative, and are sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made."  *Id.* at 810.  In this case, Defendant presented the Form 3877, the TXMOD, and Shanahan's testimony to show that the notice of deficiency was mailed to Plaintiffs.  The Court noted that Plaintiffs presented

virtually no contrary evidence on the issue of mailing, relying instead on evidence that they never received the notice.  Doc. 55 at 31.  But the Ninth Circuit also has held that "[t]he notice is valid even if not received by the taxpayer, if it is mailed to the taxpayer's last known address."  *Id.*; *see also* 26 U.S.C. § 6213(a) (permitting IRS collection efforts if "such notice has been *mailed* to the taxpayer.") (emphasis added).  Thus, Plaintiffs' evidence that they did not receive the notice was not sufficient contrary evidence to overcome the highly probative evidence in the Form 3877, the TXMOD, and Shanahan's testimony.  Whether this conclusion is stated in terms of Plaintiffs' failing to meet their shifted burden of proof, as some courts clearly require when a Form 3877 is introduced in evidence, *see Welch v. United States*, 678 F.3d 1371, 1377 (Fed. Cir. 2012) ("where the IRS has (1) established the existence of a notice of deficiency and (2) produced a properly completed PS Form 3877 certified mail log, it is entitled to a presumption of mailing, and the burden shifts to the taxpayer to rebut that presumption by clear and convincing evidence.") (citations omitted), or whether it is stated in terms of Plaintiffs' failing to present evidence from which a reasonable trier of fact would find in their favor, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party"), the result is the same.  The Form 3877, the TXMOD, and the Shanahan testimony stand virtually unrebutted on the issue of mailing, which is sufficient to support Defendant's imposition of the deficiency.

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (Doc. 57) is **denied**.

Dated this 30th day of June, 2020.

David G. Campbell

David G. Campbell
Senior United States District Judge

5